# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| JOAN CAMPBELL and RICHARD CAMPBELL, for themselves and on behalf of all others similarly situated, AND KATY BREZINSKI; MIKE DESOTELL; CARRIE PLOTZ; BAILIE PLOTZ; DANIELLE NIEMOJUSKI; DAVE ROLAND; DONNA KIES; DUSTIN DREIFUERST; GERALD LOWIS; JAMES LEMAY; MARY LEMAY; KEN HAZEL; MARK MARINEAU; STEVEN REEK; CHRISTINA REEK; MIKE DESOTELL, AS ADMINISTRATOR OF THE ESTATE OF THERESA DESOTELL; THOMAS SHULTZ, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF WENDY SHULTZ; PAUL WOOD; and STEVE DIXON,<br><br>Plaintiffs,<br><br>v.<br><br>THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co.,<br><br>Defendant | Case No.<br><br>**DEFENDANT 3M COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**JURY TRIAL DEMANDED** |

Defendant 3M Company ("3M"), by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Circuit Court of Marinette County, Wisconsin, to the Green Bay Division of the United States District Court for the Eastern District of Wisconsin. As grounds for removal, 3M Company states as follows:

## BACKGROUND

1. This action was filed on May 6, 2022, in the Circuit Court of Marinette County, Wisconsin, bearing case number 2022CV000090. (Ex. A, Summons and Complaint).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 130 and 1441(a) because the Circuit Court of Marinette County, Wisconsin, is located within the Eastern District of Wisconsin.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon 3M Company of the complaint and summons. 3M Company accepted service on May 6, 2022. Accordingly, removal is timely.

4. No other process, pleadings, or orders have been served on 3M Company in this action.

5. Plaintiffs seek to hold 3M liable based on its alleged conduct in designing, manufacturing, and/or selling aqueous film-forming foams ("AFFF") that Plaintiffs allege were used at the Ansul Fire Technology Center ("AFTC"), thereby causing injury to Plaintiffs.

6. Specifically, Plaintiffs allege that per- and polyfluoroalkyl substances ("PFAS"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS"), were contained in AFFF manufactured by 3M, that these substances were used at AFTC, that they thereby were discharged, disposed of, or released onto the lands and/or water in the vicinity of Plaintiffs' properties, and that these same substances caused injury to Plaintiffs. (Compl. ¶¶ 5-18).

7. Plaintiffs assert purported putative class action claims for negligence (*id.* ¶¶ 172–84), trespass (*id.* ¶¶ 185–198), abnormally dangerous activity and absolute and strict liability (*id.* ¶¶ 199–207), private nuisance (*id.* ¶¶ 208–15), and failure to warn (*id.* ¶¶ 216–32). Plaintiffs also request punitive damages (*id.* ¶¶ 233–37).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the other parties and a copy is being filed with the Clerk of the Circuit Court of Marinette County, Wisconsin.

9. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

10. By filing a Notice of Removal in this matter, 3M Company does not waive its right to object to jurisdiction over the person or venue, and 3M Company specifically reserves its rights to assert any defenses and/or objections to which it may be entitled.

11. 3M Company reserves the right to amend or supplement this Notice of Removal.

12. If any question arises as to the propriety of the removal of this action, 3M Company respectfully requests the opportunity to present a brief and request oral argument in support of removal.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

12. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) complete diversity exists between the plaintiffs and defendants. *See, e.g.*, *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). There is complete diversity here under 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of Wisconsin and 3M is a citizen of Delaware and Minnesota.

13. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*, *Page*, 2 F.4th at 635.

**I.     There is Complete Diversity of Citizenship Between the Parties.**

14. The Complaint alleges that every Plaintiff is, or in the case of two Plaintiff-decedents, was, a resident of Wisconsin. On information and belief, Plaintiff-decedents Theresa Desotell and Wendy Schultz were residents of Wisconsin at the time of their deaths. (Compl. ¶¶

21-41). Accordingly, on information and belief, each living Plaintiff is a citizen of Wisconsin and the two Plaintiff-decedents (Theresa Desotell and Wendy Schultz) were citizens of Wisconsin.

15. The Complaint alleges that 3M Company is a corporation organized under the laws of Delaware and has its principal place of business in Minnesota. (*Id.* ¶ 42). Accordingly, 3M Company is a citizen of Delaware and Minnesota.

16. Because Plaintiffs are (or in the case of the Plaintiff-decedents were) citizens of Wisconsin and Defendant 3M is a citizen of Delaware and Minnesota, there is complete diversity of citizenship under 28 U.S.C. § 1332.

## II. The Amount in Controversy Requirement is Satisfied.

17. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this action. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").

18. Calculation of the amount in controversy must include all damages, including punitive damages. *See, e.g.*, *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." (quotation marks omitted)). While 3M denies that Plaintiffs are entitled to any monetary or other relief, it is plain that the amount in controversy here exceeds the jurisdictional minimum.

19.   Although Plaintiffs do not state a precise dollar amount in controversy, the allegations in the Complaint show that the Plaintiffs' damages sought exceed $75,000, exclusive of interest and costs. Plaintiffs are owners or former owners of various properties in Marinette, Wisconsin, and allege that they have suffered property damage and personal injury as a result of 3M's alleged conduct. (Compl. ¶¶ 21-41). Plaintiffs seek to recover all "general, compensatory, exemplary, consequential, nominal, and punitive damages" determined to have been sustained by each of them respectively, including "[a]n award of damages sufficient to establish a medical monitoring protocol for Plaintiffs" and "[a]n award of damages for all harmful health impacts suffered by Plaintiffs," as well as attorney's fees. (Compl. (Prayer for Relief) at 54).

20.   The foregoing allegations make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

21.   Because there is complete diversity of citizenship between Plaintiffs, on the one hand, and Defendant 3M on the other, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by 3M pursuant to 28 U.S.C. §§ 1332 and 1441.[1]

\* \* \*

---

[1] Although this is a putative class action, 3M Company is entitled to remove it based on ordinary diversity under 28 U.S.C. § 1332(a) because "the requirements of traditional diversity jurisdiction"—including complete diversity between the named Plaintiffs and the properly joined Defendants—"are met." *Stell v. Gibco Motor Express, LLC*, 2016 WL 2620178, at \*2–3 (S.D. Ill. May 9, 2016); *accord Shah v. Hyatt Corp.*, 425 F. App'x 121, 123 (3d Cir. 2011); *see also, e.g.*, *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 n.3 (7th Cir. 2015) (noting that jurisdiction was present under both § 1332(a) and § 1332(d), in post-CAFA putative class action).

WHEREFORE, 3M hereby removes this action from the Circuit Court of Marinette County, Wisconsin, to the Green Bay Division of the United States District Court for the Eastern District of Wisconsin.

Dated: June 6, 2022

*s/ Derek J. Waterstreet*
Susan E. Lovern, SBN 1025632
Derek J. Waterstreet, SBN1090730
von Briesen & Roper, s.c.
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
T: (414) 287-1519
F: (414) 238-6434
susan.lovern@vonbriesen.com
derek.waterstreet@vonbriesen.com

*Of Counsel*

Daniel L. Ring, ARDC 6216750
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
dring@mayerbrown.com

*Counsel for Defendant 3M Company*